# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SCOTT CRAVEN DDS PC, and MET BUILDING LLC, individually and on behalf of a class of similarly situated Missouri citizens, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 4:20-cv-00715-NKL |
| v. | )<br>) |
| CAMERON MUTUAL INSURANCE COMPANY, | ) |
| Defendant. | |

**ORDER**

Pending before the Court is the motion by Plaintiffs, Scott Craven DDS and Met Building, to remand. Doc. 9. Defendant Cameron Mutual Insurance Company opposes the motion. Doc. 21. Because the Court lacks subject matter jurisdiction, Plaintiffs' motion is granted. Plaintiffs' request for fees and costs is denied.

**I.   Background**

Plaintiffs filed this putative class action in state court on August 5, 2020, alleging breach of contract and seeking declaratory relief against Cameron, Plaintiffs' insurance company. Doc. 10, p. 6. The named Plaintiffs bring suit on behalf of "[a]ll Missouri citizens insured by one of Defendant's property insurance policies in effect during the Covid-19 pandemic." Doc. 1-2, p. 12. Plaintiffs allege that Cameron improperly refused to pay claims for interruption to Plaintiffs' business arising from Covid-19 as required by the property insurance agreement sold to Plaintiffs. Doc. 10, pp. 6-7. Cameron was served on August 10, and removed on September 8, citing the Class Action Fairness Act (CAFA). Doc. 1.

1

Plaintiffs now move to remand to state court, asserting that this Court lacks subject matter jurisdiction because there is not minimal diversity. Doc. 10, p. 7.

II. **Discussion**

   a. **Minimal Diversity**

CAFA authorizes removal of putative class actions if (1) any member of a class of plaintiffs is a citizen of a state different from any defendant, (2) the proposed class contains at least 100 members, and (3) the amount-in-controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2)(A), d(5)(B) and (6); *Atwood v. Peterson*, 936 F.3d 835, 839 (8th Cir. 2019); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). The motion to remand in this case hinges on the first requirement, minimal diversity, which exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

It is undisputed that the named parties are not diverse. Plaintiffs Scott Craven DDS and Met Building and Defendant Cameron are all citizens of Missouri because they each were incorporated in Missouri and have their principal place of business in Missouri. Doc. 1-2, p. 4; Doc. 21, p. 7. Therefore, to argue minimal diversity Cameron points to Plaintiffs' class definition which "contains class members that are business entities that are citizens of both Missouri and other states, such as Arkansas, Iowa, and Kansas." Doc. 1, p. 4. Cameron suggests that these corporate entities are diverse because they are citizens of a non-Missouri state, i.e. Arkansas, Iowa, and Kansas. *Id.* For example, Insured A[1] was incorporated in Missouri but has its principal place of business in Arkansas. Doc. 21, p. 10. Cameron argues that minimal

---

[1] In its suggestions in opposition to remand, Cameron lists five unnamed members of the proposed class who are citizens of both Missouri and another state to illustrate its point. Insured A is one of these members. Doc. 21, p. 10.

diversity exists because Insured A, as a citizen of Arkansas, is "a citizen of a State different from" Cameron. Doc. 21, p. 10. Plaintiffs contend that minimal diversity does not exist between Insured A and Cameron because both are Missouri citizens. Doc. 10, p. 8.

Courts that have addressed similar disputes find that CAFA provides for dual, not alternative, citizenship for corporations. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business") (emphasis added); *see also Johnson v. Advance Am.*, 549 F.3d 932, 935 (4th Cir. 2008) ("The statute's use of the conjunctive gives dual, not alternative, citizenship to a corporation whose principal place of business is in a State different from the State where it is incorporated."); *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344-45 (11th Cir. 2017) ("§ 1332(c)(1) gives dual, not alternative, citizenship to a corporation whose principal place of business is in a State different from the State where it is incorporated") (quotation marks and citation omitted); *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017) ("Ever since the passage of § 1332(c)(1) in 1958, courts have considered corporations simultaneously citizens of both States for diversity purposes.")

Further, Courts have consistently found that CAFA was not intended to fundamentally alter the requirements to establish minimal diversity. *See Carzell*, 851 F.3d at 1348 (finding that, "[s]ince all of the plaintiffs and all of the defendants are citizens of Georgia," despite some plaintiffs' dual citizenship, the district court correctly determined that diversity jurisdiction does not exist and properly remanded the matter to state court); *see also, e.g., In re Hannaford Brow Co. Customer Data Security Breach Litigation*, 564 F.3d 75, 78 n.2 (1st Cir. 2009) (expressing skepticism of the defendant's argument that its dual citizenship in Florida and Delaware satisfied the minimal diversity requirement where all members of the putative class were citizens of

3

Florida); *Sundy v. Renewable Environmental Solutions*, No. 07-5069-CVSW-ODS, 2007 WL 2994348, at *3 n.4 (W.D. Mo. Oct. 10, 2007) (rejecting argument by defendant, a citizen of both Missouri and Delaware, that "minimal diversity exists unless a member of the class is a citizen of *both* Missouri *and* Delaware" and concluding that "requirement is satisfied if there is at least one member of the class who is not a citizen of either Missouri or Delaware") (emphasis in original). Indeed, the parties have not cited, and the Court is not aware of, a case in which parties who shared at least one state of citizenship were considered even minimally diverse for the purposes of CAFA jurisdiction. As the Eleventh Circuit stated, "[w]hile this precedent could change in the future, there is no authority or rationale suggesting that it has already done so." *Carzell*, 851 F.3d at 1348.

Insofar as Cameron argues that *Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567 (2004) provides "that one can have opposing parties in a two-party case who are co-citizens, and yet have minimal Article III jurisdiction because of the multiple citizenship of one of the parties," *id.* at 577 n.6, the Court is not persuaded. This statement is contained in a footnote, is dicta and expressly says that such a possibility was "far from clear." Moreover, Cameron has cited no cases construing the *Grupo Dataflux* dicta in such a manner, nor has the Court found such a case. Indeed, all the cases dealing with the issue have found otherwise. In short, because all of the parties and class members are citizens of Missouri, minimal diversity does not exist.

Cameron's argument that the Eighth Circuit requires the Court to read CAFA "broadly" in favor of jurisdiction, Doc. 21, p. 10 (citing *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012)), is unavailing. While there is a "strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant," *Westerfeld*, 621 F.3d at 822, this preference exists to protect out-of-state parties from the potential risk that

4

local juries or judges will favor in-state parties. *Carzell*, 851 F.3d at 1345-46. Cameron, as a Missouri corporation, does not need protection from such potential prejudice. *See, e.g.*, *In re Hannaford Brow Co. Customer Data Security Breach Litigation*, 564 F.3d 75, 80-81 (1st Cir. 2009) ("[W]here, as here, the defendant is also a citizen of the forum state, the concern for bias simply does not arise."); *Roberts*, 874 F.3d at 956 ("From the beginning, diversity jurisdiction sought to protect out-of-state parties from the potential risk that local juries (or judges) would favor in-state parties.").

Because the requirements of minimal diversity have not been met, the Court lacks subject matter jurisdiction and must remand the case to the state court in which it was commenced.

### b. Fees and Costs

Plaintiffs ask the Court to award Plaintiffs their fees and costs incurred as a result of Cameron's improper removal. Doc. 10, p. 15. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees. . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Plaintiffs contend fee-shifting is warranted because Cameron's interpretation of minimal diversity is objectively unreasonable as it is contrary to the language of Section 1332(d) and CAFA's purpose. Doc. 10, p. 15. Although the Court has rejected Cameron's interpretation of minimal diversity, the Court does not find the interpretation objectively unreasonable because district courts across the country have grappled with the issue and the Eighth Circuit has not addressed the issue. The Court therefore will not award Plaintiffs fees and costs.

5

### III. Conclusion

For the reasons set forth above, Plaintiffs' motion to remand, Doc. 9, is granted. Plaintiffs' request for fees and costs is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 18, 2020
Jefferson City, Missouri